JOHN KENDRICK *v.* B. & N. Y. CENTRAL R. R. CO.

*Property under attachment by garnishee process at the suit of one creditor, cannot be attached specifically by another creditor.*

IN this case, defendant pleaded in abatement, that service of the writ was made only by attaching specifically certain cars of the defendants found in the possession of the P. & W. R. R. Company, and which had previously been attached by a service in foreign attachment upon the last named Company of a copy of a writ against the defendants, in favor of one Enoch P. Noyes. To this plea in abatement the plaintiff filed a general demurrer, in which defendants joined.

*Brownell* for plaintiff, in support of the demurrer, cited " Act prescribing the forms of writs and manner of serving them," sec. 21 (Dig. 1844, p. 118.)

*Peck,* for defendants, contra, cited *Burlingame* v. *Bell,* (16 Mass 318.) *Platt* v. *Brown,* (16 Pick. 553.)

BRAYTON, J. By the pleadings in this case it appears that the property, by the attachment of which the service of this writ is claimed to have been made, had been

prior thereto attached by process of foreign attachment in the hands of the Providence and Worcester Railroad Company, in a suit in favor of one Enoch P. Noyes against the defendants: and the question made in the case is, whether property so attached can be specifically attached by another officer.

By the rules of law, in order to perfect an attachment of personal property, the officer must take the same into his possession and control, and without it the attachment is void. For this reason, property attached by one officer specifically, cannot be legally attached by another, the first having a right, and it being his duty, to hold and retain possession to answer the suit in which it is attached. The second officer, therefore, having no legal right to take possession, as against the first, cannot legally attach.

The same reasoning seems to be applicable to the facts of the present case. By the service of the writ in foreign attachment the property was already attached in the hands of the garnishee. By the service of the writ upon him the property was fixed in his hands. He became accountable for its value, and entitled to retain possession. The statute provides that he may, upon the issuing of the execution on the writ in which it is so attached, deliver up the property specifically to the officer charged with the service of the execution, in discharge of his liability. The officer, therefore, in this case, had no more right to take the property into his possession, than he would have had, had it been specifically attached by the first officer.

The attachment, therefore, is void, and there being no other service of the writ, it must abate.